THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Erma L. J. and
 Joe J., Jr., Respondents,
 
 
 
 
 

v.

 
 
 
 
 Linda D. W., Appellant.
 
 
 In the interest of two minor children. 
 
 
 

Appeal From Georgetown County
Jan B. Holmes, Family Court Judge

Unpublished Opinion No. 2010-UP-506
 Submitted November 1, 2010  Filed
November 12, 2010    

AFFIRMED

 
 
 
 C. Carter Elliott, Jr., and Robert Lucas
 Lumpkin, Jr., both of Georgetown, for Appellant.
 Ronald James Talbert, of Andrews, for
 Respondents.
 Louis R. Morant, of Georgetown, for
 Guardian ad Litem.
 
 
 

PER CURIAM: Linda D. W. (Mother) appeals from the family court's order terminating her
 parental rights to her minor children (Children).  Mother argues the family court erred in terminating her parental rights pursuant to sections
 63-7-2570(1) (based on the severity of abuse the home cannot be made safe
 within twelve months) and 63-7-2570(9) (the physical abuse of a child by a
 parent resulted in the death of the child and the parent was convicted of
 murder) of the South Carolina Code (2010).  Mother also appeals the family
 court's finding termination
 of parental rights (TPR) was in Children's best interests.  We disagree.[1]  
1.  We affirm the
 family court's finding that based on the severity of the abuse Mother inflicted
 on her oldest child, it is not reasonably likely Mother's home can be made safe
 within twelve months.  See S.C. Code Ann. § 63-7-2570 (2010) (stating the family
 court may order TPR upon finding one or more of eleven statutory grounds is
 satisfied and also finding TPR is in the best interest of the child); §
 63-7-2570(1) ("The child . . . in the home has been harmed as defined in [s]ection
 63-7-20, and because of the severity or repetition of the abuse or neglect, it
 is not reasonably likely that the home can be made safe within twelve months.  In
 determining the likelihood that the home can be made safe, the parent's
 previous abuse or neglect of the child or another child in the home may be
 considered."); S.C Code Ann. § 63-7-20(4) (2010) (stating "child
 abuse or neglect" occurs when the parent "inflicts or allows to be
 inflicted upon the child physical or mental injury or engages in acts or
 omissions which present a substantial risk of physical or mental injury to the
 child"). 
2.  We affirm the family
 court's finding that Mother's physical abuse of her oldest child resulted in
 the death of that child and Mother pled guilty to second-degree murder in North
 Carolina.  See § 63-7-2570(9) ("The physical abuse of a child of
 the parent resulted in the death . . . of that child and the abuse is the act
 for which the parent has been convicted of or pled guilty . . . to committing,
 aiding, abetting, conspiring to commit, or soliciting an offense against the
 person as provided for in Title 16, Chapter 3, criminal domestic violence as
 defined in Section 16-25-20, criminal domestic violence of a high and
 aggravated nature as defined in Section 16-25-65, or the common law offense of
 assault and battery of a high and aggravated nature.").
 3.  Despite Mother's arguments to the
 contrary, we find clear and convincing evidence supports the finding that
 termination of Mother's parental rights was in the best interests of Children.  See S.C. Code Ann. § 63-7-2620 (2010) (explaining when the child's
 interests and the parental rights conflict, the child's interests shall
 prevail); Charleston County Dep't of Soc. Servs. v. King, 369 S.C. 96,
 105, 631 S.E.2d 239, 244 (2006) ("When reviewing the family court
 decision, appellate courts may make their own conclusions of whether DSS proved
 by clear and convincing evidence that parental rights should be
 terminated."); Charleston County Dep't of Soc. Servs. v. Jackson,
 368 S.C. 87, 95, 627 S.E.2d 765, 770 (stating despite the appellate court's
 broad scope of review, it should not necessarily disregard the findings of the
 family court, which was in a better position to evaluate the credibility of the
 witnesses and to assign weight to their testimony); Id. at 102, 627
 S.E.2d at 774 (declaring the best interests of the children are the
 paramount consideration in a TPR case).
AFFIRMED.
FEW, C.J., KONDUROS,
 J., and CURETON, A.J., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.